E-FILED
Thursday, 06 July, 2017  11:01:21 AM
Clerk, U.S. District Court, ILCD

FILED

JUL 06 2017

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

---

IN RE:

RONALD J. GRASON,
DEBTOR

RONALD J. GRASON,
PLAINTIFF-APPELLANT          CASE NO. 17-03129-RM

v

ILLINOIS DEPARTMENT OF
REVENUE,
DEFENDANT-APPELLEE

NOTICE OF APPEAL — BRIEF OF APPELLANT

THIS APPEAL TO THE US DISTRICT COURT FROM THE
BANKRUPTCY COURT ARISES FROM ORIGINAL AND EXCLUSIVE
JURISDICTION OVER BANKRUPTCY CASES PURSUANT TO
28 U.S.C. § 1334 (a) AND 28 USC § 158(a).

STANDARD OF REVIEW

PETITIONER REQUESTS THE DISTRICT COURT FOR
DE NOVA REVIEW OF THE BANKRUPTCY COURT'S FINDINGS
FOR CLEAR ERROR AND ITS CONCLUSIONS OF LAW.

## BACKGROUND

Petitioner filed a petition for Chapter 7 liquidation on June 10th, 2016. This was a no-asset liquidation. On September 14th, 2016, without objection, Judge Gorman granted a discharge

Shortly thereafter the Illinois Department of Revenue threatened collection activity, claiming the income state taxes for 2006, 2007, 2008, and 2012 were nondischargeable for reasons to follow. These threats were made even though the bankruptcy case 16-70900 was no asset and Petitioner's sole source of income is social security, not attachable by the state of Illinois.

Petitioner initiated an adversary proceeding no 16-07043 against Defendant IDOR. The Department of Revenue cited the following reasons over its action:

I. 2006 - That there was a change in adjusted gross income on the federal return and failure to amend IL 1040 form within six months.

II 2007, 2008 Illinois returns - not filed at all.

III 2012 return filed on May 23, 2013.
The Illinois Administrative code grants an automatic six month extension to file a return if not filed by the due date April 15th, 2013 Herein IDOR contends this due date was also moved to November, 2013, making 2012 taxes within, not outside, the three year lookback period

' IN ITS ARGUMENT IDOR OMITTED THE COROLLARY PROVISION THAT "THIS IS NOT TO BE CONSTRUED AS CHANGING THE DUE DATE. INTEREST AND PENALTIES CULMINATE FROM APRIL 15TH.

Subsequently, IDOR ADMITTED THERE WAS NO CHANGE IN THE 2006 FEDERAL RETURN FOR ADJUSTED GROSS INCOME; THERE WERE JUST ADDED PENALTIES FOR LATE FILING. Such 2006 TAXES WERE DISCHARGEABLE. AS A RESULT.

FOR THE 2007 AND 2008 IL/1040 RETURNS AN EMPLOYEE JEFF EISNER, SUPERVISER OF THE BANKRUPTCY SECTION FOR THE DEPARTMENT OF REVENUE, TESTIFIED THAT REVENUE HAD NO RECORD OF THOSE RETURNS BEING FILED. IN REBUTTABLE PETITIONER INTRODUCED TRUE COPIES OF HIS 2007 AND 2008 ILLINOIS RETURNS THAT WERE PREPARED BY A CERTIFIED PUBLIC ACCOUNTANT, GERALD MEHACHKO, FROM HILLSBORO, ILLINOIS. HIS WRITTEN STATEMENT THAT HE PREPARED BOTH 2007 AND 2008 FEDERAL AND STATE RETURNS IN JUNE, 2009, AND HANDED THE FORMS TO THE PETITIONER IN ENVELOPES, PROPERLY ADDRESSED, FOR MAILING. PETITIONER UNDER OATH STATED THAT HE MAILED BOTH FEDERAL AND ILLINOIS RETURNS PROMPTLY. THE INTERNAL REVENUE SERVICE ACKNOWLEDGED RECEIPT IN JULY, 2009.

REGARDING THE 2007 AND 2008 IL 1040 RETURNS JUDGE GORMAN HELD FOR DEPARTMENT, COMMENTING THAT MR EISNER WAS A CREDIBLE WITNESS, AND THAT PETITIONER "THINKS" HE MAILED THE IL 1040(S)

(3)

· LASTLY SINCE THERE HAD BEEN A prior BANKRUPTCY PETITION FILED ON NOVEMBER 26, 2013, CASE NO. 13-72239, AN ABORTIVE DESPERATE CHAPTER 7 AND DISMISSED MARCH 14, 2014. JUDGE GORMAN WAS INCLINED TO APPLY EQUITABLE TOLLING TO the LOOKBACK period UNDER YOUNG V. U.S. 535 US 43 (2002). THEREFORE NOT PERMITTING 2012 TAXES TO BE DISCHARGED. THE YOUNG CASE SIMPLY STATED WAS THAT THE LOOKBACK period is TOLLED FOR THE LENGHT OF TIME THE DEBTOR REMAINED IN THE PRIOR BANKRUPTCY. THIS DOCTRINE OF EQUITABLE TOLLING SHALL BE DISCUSSED FULLY IN THE ARGUMENT.

PREVIOUSLY, THE ILLINOIS DEPARTMENT OF REVENUE SENT OUT TAX DEFICIENCY NOTICES TO MY FORMER ADDRESS IN PALOS PARK, ILLINOIS, LONG AFTER THE THE ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION HAD BEEN FORMALLY NOTIFIED OF A CHANGE OF ADDRESS TO DECATUR, ILLINOIS.

NEVERTHELESS IDOR CAUSED A SUSPENSION of MEDICAL CERTIFICATE 036043747 FOR NONPAYMENT OF TAXES AS A RESULT OF PROSECUTION BEFORE PROFESSIONAL REGULATION, without MY KNOWLEDGE OR NOTICE SENT IN LATE 2006. I WAS ACTUALLY PRACTICING without A LICENCE UNTIL MAY, 2007 WHEN PETITIONER WAS SURPRISINGLY INFORMED By MEDICARE. I WAS SUBSEQUENTLY EXONERATED By THE DISCIPLINARY BOARD OF IDFPR but it TOOK THE GREATER

4

' PART OF 2007 to REAQUIRE my MEDICAL LICENSE. THE PETITIONER LOST ALL HIS ASSIGNED MEDICARE PAYMENTS AND OTHER SUBSTANTIAL INCOME, BEING UNABLE TO PRACTICE HIS PROFESSION.

UNFORTUNATELY THESE CIRCUMSTANCES CATAPULTED THE PETITIONER INTO A CH. 7 BANKRUPTCY ON MAY 8th, 2008, RECEIVING DISCHARGE August 15, 2008. TO MAKE MATTERS WORSE IDOR AND THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION FIRMLY HELD THAT STATE TAXES CANNOT BE DISCHARGED. THE 2003 AND 2004 TAXES AMOUNTING TO $30,000 WERE CERTAINLY DISCHARGEABLE BUT NOT ACKNOWLEDGED by IDOR. IDOR DEMANDED THE FULL AMOUNT OF TAXES, APPROXIMATELY $90,000, WITH $20,000 INITIAL PAYMENT. THERE ABSOLUTELY NO COMPROMISE WAS AVAILABLE. My MEDICAL LICENSE WAS AGAIN SUSPENDED IN 2009 BUT REINSTATED WHEN THIS PETITIONER REQUESTED A HEARING BEFORE IDFPR.

SINCE IDOR WAS UNCOOPERATIVE AND MERCILESS PETITIONER FILED A CH 13 PETITION 09-72195 ON JULY 27th, 2009, FOR WHICH HE WAS DISQUALIFIED BECAUSE HIS DEBTS WERE TOO GREAT. IN 2012 PETITIONER ATTEMPTED THREE SUCCESSIVE CH 11 PETITIONS BUT WAS UNABLE TO COME UP WITH A FEASIBLE PLAN; THEREFORE THESE CASES WERE QUICKLY DISMISSED. ALL THESE ERSTWHILE ATTEMPTS WERE NOT TO EVADE PAYMENT OF TAXES, BUT DONE WITH THE PURPOSE OF CATCHING UP IN MY LIFE AND PRACTICE.

• As a result THE DEPARTMENT OF PROFESSIONAL REGULATION SUSPENDED petitioner's License without A HEARING, SINCE OFFERS OF REPAYMENT PLAN were UNACCEPTABLE since THE 2003 AND 2004 TAXES were NOT INCLUDED. THESE TAXES were RIGHTFULLY IN DISPUTE, but the DEPARTMENT OF PROFESSIONAL REGULATION DID NOT wish to HOLD A HEARING ON THESE TAXES.

IN DISMAY THE PETITIONER ERRONEOUSLY FILED A CH 7 petition NO 13-72239 ON NOVEMBER 26TH, 2013 IN AN EMERGENCY INSTEAD OF A MOTION TO OPEN THE 2008 BANKRUPTCY CASE AND HOLD THE IDOR IN CONTEMPT OF THE 2008 PERMANENT INJECTION. THIS WAS A TOTAL ERROR ON THE PART OF THE PETITIONER SINCE HE WAS NOT ELIGIBLE FOR FILING AND DISCHARGE UNTIL 2016.

Thus, it is This 2013 Ch 7 petition THAT LEAD JUDGE GORMAN TO APPLY EQUITABLE tolling to the 2016 BANKRUPTCY CASE NO 16-70990 MAKING THESE 2012 TAXES PRIOR AND NONDISCHARGEABLE.

JUDGE GORMAN in HER WRITTEN OPINION STATED THAT EVEN if THE Young CASE were inapplicable, Title 68 of the ILLINOIS ADMINISTRATIVE CODE (SEE ABOVE) RESULTED IN THE SAME OUTCOME (EXTENDING THE DUE DATE OF 2012 TAXES UNTIL NOVEMBER 23rd 2013)

## ARGUMENT

THE PROCEEDINGS OF BANKRUPTCY COURTS ARE INHERENTLY PROCEEDINGS IN EQUITY, PEPPER V. LITTON, 308 US 295, 305 (1939). COURTS NARROWLY CONSTRUE ANY EXCEPTIONS TO DISCHARGE IN PROVIDING THE DEBTOR WITH A FRESH START. In re GULESBY, 362 F3d 961, 963 (7th Cir 1997).

WHEN THE DEPARTMENT OF REVENUE ALLEGED THAT THERE WAS NO RECORD THAT THE 2007 AND 2008 IL1040 RETURNS WERE FILED, THIS REBUTTABLE PRESUMPTION PRESENTED A PRIMA FACIE CASE. By introducing copies of these RETURNS ALONG WITH A LETTER FROM THE CPA, THE petitioner by HIS TESTIMONY OVERCAME THIS PRESUMPTION. NO ADDITIONAL EVIDENCE WAS INTRODUCED BY the witness, Mr. Eisner — NO ASSESSMENTS NOR NOTICE OF DEFICIENCY FOR THOSE YEARS. HENCE THE Department FAILED TO PROVE NONDISCHARGEABILITY BY A PREPONDERANCE OF EVIDENCE. GROGAN V. GARNER, 498 US 279, 287, IN RE BERD 110 73d 462, 465 (7th Cir 1997); 35 ILCS 904(a); BALLA v. IDOR (96 ILApp3d 293)

As SUMMARIZED IN IN RE PAYNE, 431 73d 1055 2005) THE LEGAL TEST is NOT WHETHER THE FILING OF A PURPORTED RETURN HAS SOME UTILITY FOR THE TAX AUTHORITIES But WHETHER it is A REASONABLE EFFORT TO SATISFY THE TAXPAYER's OBLIGATION AS it MIGHT BE IF THE TAXPAYER TRIED TO FILE A TIMELY RETURN BUT HAD FAILED TO DO SO BECAUSE OF AN ERROR OF THE POSTAL SERVICE. Id @ 7 IT HAS TO BE AN HONEST AND REASONAble ATTEMPt to SATISFY THE BEARD TEST. BEARD V. COMMISSIONER, 82 TC 766; 793 7 2d 139 (6th Cir 1986)

· JUDGE GORMAN ADHERED TO YOUNG V US, 535 US 43 IN ·
APPLYING EQUITABLE TOLLING to THE 2012 ILLINOIS
INCOME TAXES. IN YOUNG The Supreme Court FOUND
THERE WAS WILFUL ATTEMPT TO EVADE OR DEFEAT THE
TAX. HERE the DEBTORS KEPT THE IRS AT BAY, UNABLE
to COLLECT TAXES BECAUSE OF THE AUTOMATIC STAY
IN THEIR Ch13 proceeding for three years. EIGHT DAYS
AFTER THE LOOKBACK PERIOD ENDED THEY VOLUNTARILY
DISMISSED THE CH13 CASE AND FILED A CH.7 Petition
FOLLOWED BY Discharge. The Supreme Court HELD
THE IRS TAX NONDISCHARGEABLE ON THE BASIS That THE
PRIOR BANKRUPTCY EXTENDED THE LOOKBACK period
( EQUITABLE TOLLING Doctrine )

   However the Supreme Court Noted That the decision
WAS "MEANT to SUPPLEMENT, NOT DISPLACE, THE principles
OF EQUITABLE TOLLING." ITS CASE DEPENDS ON THE FACTS
AND CIRCUMSTANCES OF EACH CASE AND WITHIN the
TEXT OF THE RELEVANT STATUTE. SEE US V BEGGERLY,
524 US 38,48 (1998 ). COURTS DON'T OFTEN APPLY
EQUITABLE TOLLING. IN RE TECSON, 291 BR 199, 202,
(BANKR MD 7LA 2003 ); NORTHROP V. PHILLIPS
233 BR 712, 717-718 (BANKR WD TN. 1999)

   IN YOUNG, supra, Tolling WAS permitted because
THE IRS WAS PURSUING its JUDICIAL REMEDIES BUT
WAS STYMIED BY THE ADVERSARY'S MISCONDUCT,
535 US @ 50·51.

• ALTHOUGH the YOUNG CASE, 535 US 43 (2002) HELD THAT THE LOOKBACK PERIOD IS TOLLED DURING THE PENDANCY OF A PRIOR BANKRUPTCY PETITION, the SUPREME COURT STATED it MUST ALWAYS DETERMINE WHETHER EQUITABLE TOLLING IS OTHERWISE APPROPRIATE UNDER THE CIRCUM-STANCES OF A PARTICULAR CASE.

NON-DISCHARGEABILITY OF TAXES IS RESERVED FOR DEBTORS WHO DELIBERATELY EVADE TAX OBLIGATIONS, RATHER THAN THOSE WHO MAKE INADVERTENT MISTAKES, SUCH AS FILING THE CH.7 petition IN 2013 RATHER THAN the CORRECT procedure to open the 2008 Ch7 DISCHARGE. IN RE BICKENSTACK, 87 F3d 947, 952 (7th Cir 1996).

EQUITABLE TOLLING IS A RARE REMEDY AND IS USUALLY APPLIED ON A CASE BY CASE BASIS. IN RE RANDALL'S ISLAND FAMILY GOLF CENTERS, 288 BR 701, 705 (BANKR. SD NY 2003). THE SEVENTH CIRCUIT BASICALLY HAS TAKEN A SIMILAR ATTITUDE: "WE SHOULD NOT TRIVIALIZE THE STATUTE OF LIMITATION BY PROMISCUOUS APPLICATION OF A TOLLING DOCTRINE". CADA V. BAXTER, 920 72d 446 (7th Cir 1990)

## ISSUES

1) WHETHER UNDER THE CIRCUMSTANCES OF THE CASE it WAS APPROPRIATE to APPLY EQUITABLE TOLLING.

2) WHETHER THE DEPARTMENT OF REVENUE PROVED EACH AND EVERY ELEMENT THAT THE 2007 AND 2008 ELL040 RETURNS WERE NOT FILED, BY A PREPONDERANCE OF EVIDENCE.

## CONCLUSION

THE ILLINOIS DEPARTMENT OF REVENUE FAILED TO MEET THE BURDEN THAT THE 2007 AND 2008 ILL1040 RETURNS WERE NEVER FILED. B5 ILCS 904 [a]  ; PPG INDUSTRIES V. DEPARTMENT OF REVENUE, 328 ILL APP 3d 16, 34 (EVIDENCE OF DEBTOR CLOSELY IDENTIFIED WITH its BOOKS AND RECORDS) SEE ALSO US v. BISCEGLIA, 420 US 141, 145 (MAINTAINING ADEQUATE RECORDS). MERELY CLAIMING THAT THESE RETURNS COULD NOT BE IDENTIFIED is NOT ENOUGH TO MEET THE PREPONDERANCE OF EVIDENCE STANDARD.

IN THE MISGUIDED PETITION OF CH7 BANKRUPTCY ON 2013, DONE ERRONEOUSLY, DID NOT DISPLAY BAD FAITH OR MISCONDUCT TO WARRANT THE APPLICATION OF EQUITABLE TOLLING. THE YOUNG CASE is RARE AND EXCEPTIONAL. McQUIGGIN v. PERKINS 569 US (2013)

WHEREFORE, PETITIONER REQUESTS THE U.S. District Court TO REVERSE THE DECISION OF THE BANKRUPTCY COURT RENDERING THE 2007, 2008, AND 2012 ILLINOIS TAXES NON-DISCHARGEABLE.

DATED: JULY 3rd, 2017  SUBMITTED BY: _Ronald J Grason_

RONALD J. GRASON

RONALD J. GRASON
357 WEST DECATUR STREET
DECATUR, ILLINOIS 62522
P. (217) 520-2197

TABLE OF CONTENTS                                    PAGE(S)

I. AUTHORITIES

  A. CASE LAW

  (1) YOUNG V. US 535 US 43 (2002)                           4

  (2) PEPPER V. LITTON, 308 US 295, 305 (1939)               7

  (3) In re GULESBY, 362 73d. 961, 963 (7th Cir. 1997)       7

  (4) GROGAN V. GARNER, 498 US 279, 287                      7

  (5) In re BERO  110 73d. 462, 465 (7th Cir 1997)           7

  (6) BALLA V. ILLINOIS DEPT. OF REVENUE  96 Ill App 3d 293  7

  (7) IN re PAYNE  431 73d 1055 (7th Cir 2005)               7

  (8) BEARD V. COMMISSIONER  793 F2d 139 (6th Cir 1986)      7

  (9) In re TECSON  291 BR 199-202 (BANKR. MD 7/a 2003)      8

  (10) NORTHROP V. PHILLIPS 233 BR 712, 717-718 (BANKR TEX 1999) 8

  (11) In re BICKEN STACK  87 F3d 947, 952 (7th Cir 1996)    9

  (12) In re RANDALL'S ISLAND FAMILY GOLF CTRS 288 BR 701 (BANKR NY 2003) 9

  (13) CADA V. BAXTER  920 72d 446 (7th Cir 1990)            9

  (14) PPG INDUSTRIES V. DEPT. OF REVENUE 328 Ill App 21 16, 34   10

  (15) US v BISCEGLIA  920 US 141, 145                       10

  (16) McQUIGGIN V. PERKINS  569 US ___ (2013)               10

  B. STATUTE

    (1) 35 ILCS 904(a)                                       10

CERTIFICATE OF SERVICE

On WEDNESDAY JULY 5th, 2017 THE UNDERSIGNED ATTESTS THAT HE FORWARDED A COPY OF THE PETITIONER'S BRIEF VIA US MAIL, IN A SEALED ENVELOPE, POSTAGE PREPAID, FROM 224 FRANKLIN ST., DECATUR, ILLINOIS, TO THE FOLLOWING INDIVIDUAL, ALONG WITH THE ATTACHED EMERGENCY MOTION:

WILLIAM M. KATICH

SPC. ASST. ATTORNEY GENERAL

LITIGATION BUREAU

500 SOOTH SECOND STREET

SPRINGFIELD, ILLINOIS 62701

RONALD GRASON, PRO SE

CASE NO. 17-03129