IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IN RE: RONALD J. GRASON, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| RONALD J. GRASON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | NO. 17-3129 |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Bankruptcy appeal.

Debtor Ronald J. Grason filed a notice of appeal from the United States Bankruptcy Court and, on June 16, 2017, was granted permission to proceed *in forma pauperis* on appeal. Subsequently, the Court Vacated the Order authorizing the Debtor to proceed *in forma pauperis* on appeal.

Pursuant to Title 28, United States Code Section 157(c)(1), United States Chief Bankruptcy Judge Mary P. Gorman filed a Report and Recommendation [d/e 4] to the District Court, wherein Judge Gorman recommended the dismissal of the

Debtor's appeal due to his failure to follow the United States Bankruptcy Court's Orders and his apparent inconsistencies between filings in the bankruptcy court and United States District Court. The Debtor has filed objections to Judge Gorman's Report and Recommendation.

I.

The Report and Recommendation states that Grason commenced his adversary proceeding on September 26, 2016, seeking a determination as to the dischargeability of certain Illinois income tax debts. The bankruptcy court entered an order granting judgment in favor of Grason as to the 2006 Illinois income tax debt and against him as to the 2007, 2008 and 2012 income tax debts. Grason filed a motion to reconsider. At a hearing, Judge Gorman denied the motion and stated that a detailed written order would issue. On May 15, 2017, two days before the written order issued, Grason filed a notice of appeal to this Court. He also filed a motion to waive filing fee on appeal.

In his motion to waive filing fee before the bankruptcy court, Grason stated "his status of *in forma pauperis* has been continually recognized before the United States District Court, [the Seventh] Circuit Court of Appeals, and the United States Supreme Court." He did not provide further details or attach an affidavit or other sworn statement or any other documentary support regarding his inability to pay the

filing fee on appeal. The bankruptcy court denied Grason's motion, while noting his extensive history of filing bankruptcy cases and his ability to pay the fees associated with those filings. Grason was ordered to pay the filing fee by June 7, 2017. He did not file a motion to reconsider or notice of appeal of the order denying the request to waive the filing fee.

Judge Gorman states that on June 5, 2017, Grason filed a document with the bankruptcy court stating that he had sought leave from the district court to proceed *in forma pauperis* on his appeal and asking the Court to stay its order requiring payment of the filing fee by June 7, 2017, pending a decision by this Court. On the affidavit filed with this Court, which was attached to his filing with the bankruptcy court, Grason listed monthly Social Security Income of $2,128.40 and $2,124 in monthly expenses, though the items he listed added up to $2,083 in monthly expenses. Grason also stated that, as of May 30, 2017, he had only $200 in cash and no money in any bank account. On June 16, 2017, this Court granted Grason's request to proceed *in forma pauperis*. That order was vacated on July 10, 2017.

On June 27, 2017, the bankruptcy court held a hearing on Grason's June 5th correspondence. Grason failed to appear at the hearing. Judge Gorman denied Grason's request to stay enforcement of the order requiring payment of the filing fee and stated on the record that she would be issuing a Report and Recommendation to

3

this Court, recommending that Grason's appeal be dismissed for his failure to pay the required filing fee for his appeal. On June 29, 2017, the Report and Recommendation was filed.

Judge Gorman also states that Grason filed a new Chapter 13 case in the bankruptcy court on June 5, 2017. Grason's Statement of Financial Affairs and schedules filed soon thereafter reflected that he had monthly Social Security income of $2,128.40 and $1,444 in total monthly expenses, though the monthly expenses he listed added up to $1,394. Grason also disclosed having $400 in cash and another $458.19 in a bank account.

## II.

An appeal of the bankruptcy court's orders may be taken by filing a notice of appeal to the district court, along with the payment of the applicable fee. *See* Fed. R. Bankr. P. 8001(a), 8003(a)(3)(C). The filing fee can be waived by either the bankruptcy court or district court. *See* 28 U.S.C. § 1930(f); *see Bernegger v. King*, 2011 WL 1743880, at *2 (E.D. Wis. May 6, 2011) (extending to debtors on appeal the Seventh Circuit's holding in *In re Richmond*, 247 F. App'x 831, 832 (7th Cir. 2007), that § 1930(f) provides both bankruptcy courts and district courts with the authority to allow creditors to proceed *in forma pauperis* in adversary proceedings). Additionally, a party seeking to appeal to the court of appeals must first seek leave

to appeal *in forma pauperis* from the district court and 28 U.S.C. § 158(c)(2) provides that a bankruptcy appeal "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." Accordingly, the Court concludes that the same logic should apply in an appeal to the bankruptcy court to the district court and, therefore, a motion to proceed *in forma pauperis* should first be presented to the bankruptcy court.

In her Report and Recommendation, Judge Gorman notes that before filing his motion to proceed *in forma pauperis* in this Court, Grason sought and was denied leave by the bankruptcy court to waive the filing fee on appeal. The Report and Recommendation states that although the bankruptcy court and the district court have authority to rule on such a motion, Grason sought relief in the bankruptcy court and was bound by that court's ruling absent a contrary ruling on appeal. He did not appeal the bankruptcy court's ruling on the motion to waive filing fee on appeal. Rather, he sought independent relief from this Court without disclosing the fact that he had sought and was denied a fee waiver in the bankruptcy court.

This Court agrees with Judge Gorman that dismissal for failure to pay the applicable fee is warranted under these circumstances. Grason was granted additional time by the bankruptcy court to pay the filing fee. Instead of paying the fee, Grason

5

asked the bankruptcy court to stay enforcement of its order requiring payment pending a decision on the alternative relief he sought in this Court. In seeking a waiver of fees, Grason did not advise this Court that he had sought and been denied the same relief in the bankruptcy court. This Court cannot overlook Grason's non-compliance with the bankruptcy court's order.

Judge Gorman further states that when Grason filed his Notice of Appeal and Motion to Waive Filing Fee on Appeal, he was already anticipating filing a new Chapter 13 case. The Report and Recommendation notes that Grason presumably was aware of the income requirements of Chapter 13 eligibility and understood that he could not meet the income and expense requirements for a waiver of the filing fee on appeal and still be eligible for Chapter 13 relief. This explains why Grason's monthly expenses are nearly $700 higher on his district court affidavit than in his Chapter 13 disclosures, even though Grason's Chapter 13 case was filed within a week of his motion to proceed *in forma pauperis* in this Court. Specifically, there is a $100 difference in rent, a $415 difference in utilities and the $105 difference in clothing, laundry and dry-cleaning expenses. The Court agrees with Judge Gorman that Grason was obviously aware that a lack of income was required to obtain a fee waiver and a surplus of income was required for Chapter 13 eligibility.

Judge Gorman observes that all of the filings in the bankruptcy court suggest that Grason is able to pay the filing fee. If Grason had filed an affidavit containing the financial information disclosed in his Chapter 13 case, the bankruptcy court would have denied his request for a fee waiver. Significantly, if Grason had filed an affidavit in the bankruptcy court similar to that which he filed in the district court, it would have hindered his ability to file his Chapter 13 case. As Judge Gorman notes, it appears that Grason wants to have it both ways and is playing games at the expense of both courts.

The Report and Recommendation concludes by noting that Grason has a long history of filing bankruptcy court cases and has demonstrated an ability to pay the fees associated with those cases. He has filed eight bankruptcy cases within the last nine years. Grason did not ask that the filing fee be waived in any of the cases, though he did typically request to pay the filing fee in installments. Grason has paid the filing fee in full in only four of his cases since 2008.

In his Objection to the Report and Recommendation, Grason contends he has had a serious decline in his financial circumstances in recent years. His sole source of income in recent years has been Social Security. However, Grason fails to address the apparent inconsistencies between his filings in bankruptcy court and this Court. Moreover, Grason offers no explanation as to why he sought to evade the bankruptcy

7

court's order requiring payment of the filing fee by proceeding directly to the district court, instead of filing a motion to reconsider or appealing the denial of the *in forma pauperis* motion.

The Court agrees with Chief Bankruptcy Judge Gorman that Grason first sought relief in the bankruptcy court and was bound by that ruling barring a contrary ruling on appeal. He did not appeal and instead sought independent relief in this Court without disclosing the proceedings concerning his request for a fee waiver in the bankruptcy court. Because of Grason's lack of candor and his non-compliance with the bankruptcy court's orders, in addition to what appear to be inconsistencies between filings in the bankruptcy court and district court, the Court agrees with Chief Bankruptcy Judge Gorman that dismissal of the appeal is appropriate based on all of the circumstances.

<u>Ergo</u>, the Court hereby ADOPTS the Report and Recommendation to the District Court [d/e 4] of the United States Chief Bankruptcy Judge.

This Appeal is DISMISSED.

The Clerk will terminate any pending motions [d/e 9 & 12] and close this case.

ENTER: August 2, 2017

        FOR THE COURT:   /s/ *Richard Mills*
                                    Richard Mills
                                 United States District Judge